1

2

3

4

5

6 # UNITED STATES DISTRICT COURT

7 ## EASTERN DISTRICT OF CALIFORNIA

8

9 HENDRIK BLOCK,

**Case No.  1:16-cv-00650  LJO SKO**

10            Plaintiff,

**SCHEDULING ORDER (Fed. R. Civ. P. 16)**

11      v.

**Discovery Deadlines:**
Initial Disclosures:  December 20, 2016

12 GARY CHRISTIAN, et al.,

Non Expert Discovery:  July 17, 2017
Expert Disclosures: July 31, 2017

13            Defendants.

Rebuttal Expert Disclosures: August 14, 2017
Expert Discovery: September 25, 2017

14

15

**Mid-Discovery Status Conference Deadlines:**
Status Report Filing: June 8, 2017
Status Conference: June 15, 2017

16

17

**Non-Dispositive Motion Deadlines:**
Filing: September 25, 2017
Hearing: October 25, 2017

18

19

**Dispositive Motion Deadlines:**
Filing: October 25, 2017
Hearing: December 6, 2017

20

21

**Settlement Conference**:
February 14, 2017, at 1:00 p.m.
Courtroom 10

22

23

**Pre-Trial Conference**:
January 31, 2018, at 8:15 a.m.
Courtroom 4

24

25

**Trial**:  March 27, 2018 at 8:30 a.m.
Courtroom 4
4 Trial Days

26

27

28

1

### I.  Date of Scheduling Conference

The Scheduling Conference was held on December 15, 2016.

### II.  Appearances of Counsel

Zachary Best, Esq., appeared on behalf of Plaintiff Hendrik Block.

Michael Elder, Esq., appeared on behalf of Defendants Gary Christian, Bonnie Christian and Amanda Florez dba Public Auction R Us.

### III.  Consent to Magistrate Judge

The United States District Judges of the Eastern District of California currently have the heaviest caseload in the nation.  Therefore, pursuant to 28 U.S.C. § 636(c), the parties who have not consented to conduct all further proceedings in this case, including trial, before United States Magistrate Judge Sheila K. Oberto, are encouraged to consent to magistrate judge jurisdiction in an effort to have their case adjudicated in a timely and cost effective manner.  Presently, when a civil trial is set before Chief Judge O'Neill any criminal trial set which conflicts with the civil trial will take priority, even if the civil trial was set first.  Continuances of civil trials under these circumstances will no longer be entertained, absent a specific and stated finding of good cause, but the civil trial will instead trail from day to day or week to week until the completion of either the criminal case or the older civil case.  The parties are advised that they are free to withhold consent or decline magistrate jurisdiction without adverse substantive consequences.

### IV.  Initial Disclosure under Fed. R. Civ. P. 26(a)(1)

The parties are ordered to exchange the initial disclosures required by Fed. R. Civ. P. 26(a)(1) on or before December 20, 2016.

### V.  Amendments to Pleadings

Any motions or stipulations requesting leave to amend the pleadings must be filed by no later than January 13, 2017.  The parties are advised that filing motions and/or stipulations requesting leave to amend the pleadings by January 13, 2017, does not reflect on the propriety of the amendment or imply good cause to modify the existing schedule, if necessary.  All proposed amendments must (A) be supported by good cause pursuant to Fed. R. Civ. P. 16(b) if the amendment requires any modification to the existing schedule, *see Johnson v. Mammoth*

*Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992), and (B) establish, under Fed. R. Civ. P. 15(a), that such an amendment is not (1) prejudicial to the opposing party, (2) the product of undue delay, (3) proposed in bad faith, or (4) futile, *see Foman v. Davis*, 371 U.S. 178, 182 (1962).

### VI.     Discovery Plan and Cut-Off Dates

The parties are ordered to complete all non-expert discovery on or before July 17, 2017, and all expert discovery on or before September 25, 2017.

The parties are directed to disclose all expert witnesses, in writing, on or before July 31, 2017, and to disclose all rebuttal experts on or before August 14, 2017.  The written designation of retained and non-retained experts shall **be made pursuant to Fed. R. Civ. P. Rule 26(a)(2), (A), (B) and (C) and shall include all information required thereunder.**  Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not properly disclosed in compliance with this order.

The provisions of Fed. R. Civ. P. 26(b)(4) and (5) shall apply to all discovery relating to experts and their opinions.  Experts must be fully prepared to be examined on all subjects and opinions included in the designation.  Failure to comply will result in the imposition of sanctions, which may include striking the expert designation and preclusion of expert testimony.

The provisions of Fed. R. Civ. P. 26(e) regarding a party's duty to timely supplement disclosures and responses to discovery requests will be strictly enforced.

The parties are cautioned that the discovery/expert cut-off deadlines are the dates by which all discovery must be completed.  Absent good cause, discovery motions will not be heard after the discovery deadlines.  Moreover, absent good cause, the Court will only grant relief on a discovery motion if the relief requested requires the parties to act before the expiration of the relevant discovery deadline.  In other words, discovery requests and deposition notices must be served sufficiently in advance of the discovery deadlines to permit time for a response, time to meet and confer, time to prepare, file and hear a motion to compel and time to obtain relief on a motion to compel.  Counsel are expected to take these contingencies into account when proposing

discovery deadlines.

A mid-discovery status conference is set for June 15, 2017, at 10:15 a.m. in Courtroom 7 before U.S. Magistrate Judge Sheila K. Oberto. Telephonic appearances are approved; all parties appearing telephonically shall coordinate one conference call to the Court at the date and time for the conference. By no later than June 8, 2017, the parties shall file a report providing an updated status of the case and discovery proceedings. If the parties determine that a status conference is unnecessary, they may request that the Court vacate the conference.

### VII. Pretrial Motion Schedule

Unless prior leave of the Court is obtained at least 7 days before the filing date, all moving and opposition briefs or legal memorandum in civil cases shall not exceed 25 pages. Reply briefs filed by the moving parties shall not exceed 10 pages. Before scheduling any motion, the parties must comply with all requirements set forth in Local Rule 230 and 251.

### A. Non-Dispositive Pretrial Motions

All non-dispositive pretrial motions, including any discovery motions, shall be filed by September 25, 2017, and heard on or before October 25, 2017. Non-dispositive motions are heard on Wednesdays at 9:30 a.m., before the United States Magistrate Judge Sheila K. Oberto in Courtroom 7.

In scheduling such motions, the parties shall comply with Local Rule 230. The Magistrate Judge may grant Applications for an Order Shortening Time pursuant to Local Rule 144(e). However, if counsel does not obtain an Order Shortening Time, the Notice of Motion must comply with Local Rule 251.

Compliance with the discovery deadlines requires motions to compel to be filed *and heard sufficiently* in advance of the discovery deadline so that the Court may grant effective relief within the allotted discovery time. A party's failure to have a discovery dispute heard sufficiently in advance of the discovery cutoff may result in denial of the motion as untimely. Counsel may appear and argue non-dispositive motions by telephone, providing a request to so appear is made to the Magistrate Judge's Courtroom Clerk no later than 3 court days before the noticed hearing date. In the event that more than one attorney requests to appear by telephone, it shall be the

4

obligation of the moving part(ies) to arrange and originate a conference call to the Court.

*Discovery Disputes:* If a motion is brought under Fed. R. Civ. P. 37, the parties must prepare and file a Joint Statement re Discovery Disagreement ("Joint Statement") as required by Local Rule 251. The Joint Statement must be filed 7 calendar days before the scheduled hearing date. Courtesy copies of all motion-related documents, declarations, and exhibits must be delivered to the Clerk's Office by 10:00 a.m. at least 4 court days before the scheduled hearing date. Motions will be removed from the court's hearing calendar if the Joint Statement is not timely filed or if courtesy copies are not timely delivered. To satisfy the meet and confer requirement set forth in Local Rule 251(b), the parties must confer by speaking with each other in person, over the telephone or via video conferencing before the hearing about the discovery dispute. The Court may issue sanctions against the moving party or the opposing party if either party fails to meet and confer in good faith.

**B.      Dispositive Pretrial Motions**

All dispositive pretrial motions shall be filed no later than October 25, 2017, and heard no later than December 6, 2017, in Courtroom 4 before the Honorable Lawrence J. O'Neill, Chief United States District Judge. In scheduling such motions, counsel shall comply with **Fed. R. Civ. P 56 and Local Rules 230 and 260**.

*Motions for Summary Judgment or Summary Adjudication:* Prior to filing a motion for summary judgment or motion for summary adjudication the parties are ORDERED to meet, in person or by telephone, and confer to discuss the issues to be raised in the motion.

The purpose of the meeting shall be to: 1) avoid filing motions for summary judgment where a question of fact exists, 2) determine whether the respondent agrees that the motion has merit in whole or in part, 3) discuss whether issues can be resolved without the necessity for briefing, 4) narrow the issues for review by the court, 5) explore the possibility of settlement before the parties incur the expense of briefing a summary judgment motion, and 6) arrive at a Joint Statement of Undisputed Facts.

The moving party shall initiate the meeting and provide a draft of the Joint Statement of Undisputed Facts. **In addition to complying with the requirements of Local Rule 260 the**

**moving party shall file a Joint Statement of Undisputed Facts**.

In the Notice of Motion, the moving party shall certify that the parties have met and conferred as ordered above or set forth a statement of good cause for the failure to meet and confer.

## VIII.   Pretrial Conference Date

The Pretrial Conference is set for January 31, 2018, at 8:15 a.m. in Courtroom 4 before the Honorable Lawrence J. O'Neill, Chief United States District Judge.

The parties are ordered to file a **Joint Pretrial Statement pursuant to Local Rule 281(a)(2).**  The parties are further directed to submit a digital copy of their Pretrial Statement in Word format, directly to Chief Judge O'Neill's chambers by email at LJOorders@caed.uscourts.gov.

Counsel's attention is directed to **Rules 281 and 282 of the Local Rules** for the Eastern District of California, as to the obligations of counsel in preparing for the Pretrial Conference. The Court will insist upon strict compliance with those rules.  In addition to the matters set forth in the Local Rules the Joint Pretrial Statement shall include a Joint Statement of the case to be used by the Court to explain the nature of the case to the jury during voir dire.

## IX.   Trial Date

Trial is set for March 27, 2018, at 8:30 a.m. in Courtroom 4 before the Honorable Lawrence J. O'Neill, Chief United States District Court Judge.

   a.   This is a court trial.

   b.   Counsel's estimate of trial time: 4 days.

   c.   Counsel's attention is directed to Local Rule 285 for the Eastern District of California.

## X.   Settlement Conference

A Settlement Conference is scheduled for February 14, 2017, at 1:00 p.m. in Courtroom 10 before United States Magistrate Judge Erica P. Grosjean. Unless otherwise permitted in advance by the Court, the attorneys who will try the case shall appear at the Settlement Conference with the parties and the person or persons having full authority to negotiate and settle

the case on any terms at the conference.   Insurance carriers, business organizations, and governmental bodies or agencies whose settlement agreements are subject to approval by legislative bodies, executive committees, boards of directors or the like shall be represented by a person or persons who occupy high executive positions in the party organization and who will be directly involved in the process of approval of any settlement offers or agreements.   To the extent possible the representative shall have the authority, if he or she deems it appropriate, to settle the action on terms consistent with the opposing party's most recent demand.   At least 1 week prior to the Settlement Conference the parties shall submit, a Confidential Settlement Conference Statement directly to the chambers of Magistrate Judge Erica P. Grosjean by e-mail at epgorders@caed.uscourts.gov.   The statement should not be filed with the Clerk of Court nor served on any other party, although, the parties may file a Notice of Lodging of Settlement Conference Statement.   Each statement shall be clearly marked CONFIDENTIAL with the date and time of the Settlement Conference indicated prominently thereon.   The Confidential Settlement Conference Statement shall include the following:

a.   A brief statement of the facts of the case,

b.   A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded, a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses, and a description of the major issues in dispute,

c.   A summary of the proceedings to date,

d.   An estimate of the cost and time to be expended for further discovery, pretrial and trial,

e.   The relief sought, and

f.   The party's position on settlement, including present demands and offers and a history of past settlement discussions, offers and demands.

This Court will vacate the settlement conference if the Court finds the settlement conference will be neither productive nor meaningful in attempting to resolve all or part of this case.   As far in advance of the settlement conference as possible, a party shall inform the Court

and other parties that it believes the case is not in a settlement posture so the Court may vacate or reset the settlement conference.   Otherwise the parties shall proceed with the settlement conference in good faith to attempt to resolve all or part of this case.

**XI.   Requests for Bifurcation, Appointment of Special Master, or Other Techniques to Shorten Trial**

Not applicable at this time.

**XII.   Related Matters Pending**

There are no pending related matters.

**XIII.   Compliance with Federal Procedure**

All counsel appearing are expected to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and to keep abreast of any amendments thereto.  The Court must insist upon compliance with these Rules if it is to efficiently handle its increasing case load and sanctions will be imposed for failure to follow the Rules as provided in both the Federal Rules of Civil Procedure and the Local Rules for the Eastern District of California.

Additional requirements and more detailed procedures for courtroom practice before United States Magistrate Judge Sheila K. Oberto can be found at the United States District Court for the Eastern District of California's website (www.caed.uscourts.gov) under Judges, United States Magistrate Judge Sheila K. Oberto (SKO).[1]  All parties and counsel shall comply with the guidelines set forth therein.

**XIV.   Effect of this Order**

This order represents the best estimate of the Court and counsel as to the agenda most suitable to dispose of this case.  The trial date reserved is specifically reserved for this case.  If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the Court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent status conference.

---

[1] In the area entitled "Case Management Procedures," there is a link to "Court Procedures."

8

1   Stipulations extending the deadlines contained herein will not be considered unless they

2   are accompanied by affidavits or declarations, and where appropriate attached exhibits, which

3   establish good cause for granting the relief requested.  The parties are advised that due to the

4   impacted nature of civil cases on the district judges in the Eastern District of California, Fresno

5   Division, that stipulations to continue set dates are disfavored and will not be granted absent good

6   cause.

7   **Should counsel or a party appearing pro se fail to comply with the directions as set**

8   **forth above, an ex parte hearing may be held and contempt sanctions, including monetary**

9   **sanctions, dismissal, default, or other appropriate judgment, may be imposed and/or**

10  **ordered.**

11

12  IT IS SO ORDERED.

13  Dated:   **December 22, 2016**            /s/ *Sheila K. Oberto*

14                                      UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28