# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENDRIK BLOCK,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>GARY CHRISTIAN, et al.,<br><br>　　　　　Defendants.<br>_____/ | Case No. 1:16-cv-00650-LJO-SKO<br><br>**ORDER GRANTING LEAVE TO AMEND COMPLAINT**<br><br>**(Doc. 37)** |

　　　Before the Court is Plaintiff's Motion for Leave to File Second Amended Complaint (the "Motion"). (Doc. 37.) Plaintiff timely filed the Motion on January 13, 2017. (*Id.*; *cf.* Doc. 33 at 2 (providing a deadline of January 13, 2017 for the filing of amendments in this case).) Defendants' opposition to the Motion was due by February 1, 2017. To date, Defendants have not filed any opposition to the Motion. For the reasons that follow, the Court GRANTS the Motion. (Doc. 37.)

　　　Federal Rule of Civil Procedure 15(a)(2) provides that, if an amendment is requested more than 21 days after service of a responsive pleading, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Rule 15(a)(2) further provides that "[t]he court should freely give leave when justice so requires." "This policy is to be applied with extreme liberality." *C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 985 (9th

Cir. 2011) (quoting *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003)); *cf. DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (noting that the Ninth Circuit has repeatedly noted "that the Supreme Court has instructed the lower federal courts to heed carefully the command of Rule 15(a) . . . by freely granting leave to amend when justice so requires" (quoting *Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 765 (9th Cir. 1987))). "This liberality in granting leave to amend is not dependent on whether the amendment will add causes of action or parties." *DCD Programs, Ltd.*, 833 F.2d at 186.

Nonetheless, "liberality in granting leave to amend is subject to several limitations." *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011) (quoting *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989)). Specifically, "[a] district court determines the propriety of a motion to amend by ascertaining the presence of any of four factors: [1] bad faith, [2] undue delay, [3] prejudice to the opposing party, and/or [4] futility." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999) (citing *DCD Programs, Ltd.*, 833 F.2d at 186); *cf. Lanier v. Fresno Unified Sch. Dist.*, No. 1:09–cv–01779–AWI–BAM, 2013 WL 1896183, at *2 (E.D. Cal. May 6, 2013) ("In evaluating the propriety of a motion for leave to amend, '[courts] consider five factors: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of the amendment; and (5) whether the plaintiff has previously amended his complaint.'" (quoting *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004))). "Not all of the factors merit equal weight," as "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC*, 316 F.3d at 1052. "Generally, this [factor] determination should be performed with all inferences in favor of granting the motion." *Griggs*, 170 F.3d at 880 (citation omitted). "Absent prejudice, or a strong showing of any of the remaining . . . factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital, LLC*, 316 F.3d at 1052. "The party opposing amendment bears the burden of showing why amendment should not be granted." *Lanier*, 2013 WL 1896183, at *2 (quoting *Bd.*

*of Trs. of the Leland Stanford Junior Univ. v. Roche Molecular Sys., Inc.*, No. C 05-04158 MHP, 2008 WL 624771, at *6 (N.D. Cal. Mar. 4, 2008)).

Finally, "[l]eave to amend is entrusted to the sound discretion of the trial court." *Pisciotta v. Teledyne Indus., Inc.*, 91 F.3d 1326, 1331 (9th Cir. 1996) (citation omitted). "The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *Ascon Props., Inc.*, 866 F.2d at 1160 (citations omitted).

In this case, the pertinent factors weigh in favor of granting leave to amend the pleadings. There is no indication in the record that (1) Plaintiff acted in bad faith in moving to amend his pleadings, (2) Defendants would suffer prejudice due to the amendment, or (3) the proposed amendment would be futile. Additionally, the proposed amendment is timely under the scheduling order for this case. (*See* Doc. 33 at 2.) The Court therefore finds that the presumption in favor of amendment applies and the Motion should be granted.

For the foregoing reasons, the Court GRANTS the Motion. (Doc. 37.) The proposed Second Amended Complaint attached to the Motion, (Doc. 37, Ex. 2), is now the operative complaint in this matter.

IT IS SO ORDERED.

Dated:   **February 7, 2017**                    /s/ *Sheila K. Oberto*
                                                UNITED STATES MAGISTRATE JUDGE