Tanya E. Moore, SBN 206683
Zachary M. Best, SBN 166035
MISSION LAW FIRM, A.P.C.
332 North Second Street
San Jose, California 95112
Telephone: (408) 298-2000
Facsimile: (408) 298-6046
Email: service@moorelawfirm.com

Attorneys for Plaintiff,
Hendrik Block

Michael L. Elder, Esq. (SBN: 238036)
2491 Alluvial Ave., Suite 20
Clovis, CA  93611
T: (559) 323-5337
F: (559) 765-4544
Email: mike@mlelderlaw.com

Attorney for Defendants

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENDRIK BLOCK, <br><br> Plaintiff, <br><br> vs. <br><br> GARY CHRISTIAN; BONNIE M. CHRISTIAN; AMANDA FLOREZ dba PUBLIC AUCTION R US. <br><br> Defendants. | Case No.: 1:16-CV-00650-LJO-SKO <br><br> **CONSENT DECREE** <br><br> Complaint Filed: May 9, 2016 <br> Judge: Hon. Lawrence J. O'Neill <br> Trial Date: August 15, 2017 <br> Time: 8:30 AM <br> Dept.: Courtroom 4 |

As a result of Plaintiff, HENDRIK BLOCK ("PLAINTIFF"), and Defendants, GARY CHRISTIAN; BONNIE M. CHRISTIAN; and AMANDA FLOREZ dba PUBLIC AUCTION R US ("DEFENDANTS," and together with PLAINTIFF, "the PARTIES"), having engaged in settlement negotiations, the PARTIES agree that this action should be finally resolved by entry of this CONSENT DECREE. This instant CONSENT DECREE was entered into by the PARTIES as an amicable way of resolving liability, and PLAINTIFF'S claims for injunctive relief and damages.

NOW, THEREFORE, without adjudication of any issue of fact or law, and with the consent of the PARTIES, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

1. This Consent Decree is predicated on the Complaint, filed on May 9, 2016, and subsequent pleadings filed in this action in the United States District Court for the Eastern District of California seeking injunctive relief for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12181-12189 ("ADA") and parallel California access laws; damages under state law; and the recovery of attorneys' fees, costs and litigation expenses as permitted by both state and federal law. DEFENDANTS filed their Answer to the Complaint on August 23, 2016.

2. DEFENDANTS and PLAINTIFF wish to settle the portion of the case relating to the issues of liability, injunctive relief, and damages, and hereby desire to enter into this CONSENT DECREE. The PARTIES hereby enter into this CONSENT DECREE for the purpose of resolving PLAINTIFF' lawsuit without the need for further litigation, and to reserve for further settlement discussions or a motion to the Court the amount of attorneys' fees, costs, and litigation expenses to which PLAINTIFF is entitled.

## JURISDICTION

3. All PARTIES agree that the present Court has jurisdiction of this matter for the alleged violations of the ADA under 28 U.S.C. §§ 1331 and 1343, as well as supplemental jurisdiction under 28 U.S.C. §§ 1367, 2201, and 2202 for the alleged violations of California law.

4. In an effort to expedite resolution of the issues, and avoid costs and expenses of ongoing litigation, the PARTIES agree to entry of this [Proposed] Order to resolve the claims regarding injunctive relief raised in the above-entitled action. Accordingly, the PARTIES agree to the entry of the [Proposed] Order related to this CONSENT DECREE without trial or further adjudication of the issues addressed here, with the exception of the motion for attorneys' fees and costs, pursuant to paragraph 10 of this CONSENT DECREE.

## RETENTION OF JURISDICTION FOR FEES MOTION

5. As previously stated, the amount of PLAINTIFF'S entitlement to attorneys' fees, costs, and litigation expenses remains in contention and, accordingly, the PARTIES request that the Court retain jurisdiction over this matter solely to resolve such claims.

## SETTLEMENT OF INJUNCTIVE RELIEF, DAMAGES, AND LIABILITY ISSUES

6. The CONSENT DECREE shall be a full and complete, final disposition and settlement of all PLAINTIFF'S claims against the DEFENDANTS for injunctive relief according to the issues that were addressed and pled in the Second Amended Complaint. Moreover, DEFENDANTS agree to pay statutory damages to PLAINTIFF in the amount of four thousand dollars ($4,000.00). The Settlement Payment shall be made payable to the Mission Law Firm, A.P.C. Trust Account and tendered to the Mission Law Firm, A.P.C., 332 North Second Street, San Jose, California 95112 within ten (10) days of execution of the entry of this CONSENT DECREE and shall be in the form of a cashier's check. This agreement shall serve as an admission of liability for the alleged ADA violation on the part of the DEFENDANTS.

7. DEFENDANTS agree that all corrective work required hereunder will be performed in compliance with the standards and specifications set forth in the 2010 ADA Standards for Accessible Design and according to California Code of Regulations, Title 24, Part 2, Chapter 11B (known as the California Building Code), unless otherwise specified and agreed to in this CONSENT DECREE.

8. DEFENDANTS agree to undertake all of the remedial work identified as a "Required Modification" as set forth on Exhibit "A" hereto (the Plaintiff's CASp Inspection Report).

9. The remedial measures set forth on Exhibit A shall be completed within six months of the date that this CONSENT DECREE is signed by the Court. In the event that unforeseen difficulties arise and prevent the DEFENDANTS from completing the remedial work within the specified timeframes, DEFENDANTS or their counsel will notify Plaintiff's counsel, in writing, within thirty (30) days after discovering any such difficulty. Any such notification will only excuse a delay in the timeframe to complete the remedial work, and will not excuse the performance of the remedial work. DEFENDANTS will promptly notify Plaintiff's counsel upon completion of the corrective work.

## UNRESOLVED ATTORNEYS' FEES, COSTS, AND LITIGATION EXPENSES

10. DEFENDANTS acknowledge that PLAINTIFF is the prevailing party in the action for purposes of his entitlement to attorneys' fees, costs, and litigation expenses, and agree that they will not dispute PLAINTIFF'S entitlement to such fees, costs, and litigation expenses in opposition to any motion PLAINTIFF may bring for same.

11. The PARTIES have not, however, reached an agreement regarding the amount of PLAINTIFF's attorneys' fees, costs, and litigation expenses incurred in this action, and which may hereafter be incurred. These unresolved issues shall be subject to further negotiation, settlement, and/or motion to the Court. Should the PARTIES reach an agreement as to the amount of PLAINTIFF'S attorneys' fees, costs and litigation expenses, the terms of such agreement will be set forth in a new and separate settlement agreement. Nothing set forth here seeks to, in any way, limit the PLAINTIFF'S past, present, or future rights or remedies to recover his attorneys' fees, costs, and litigation expenses in connection with the allegations set forth in the Second Amended Complaint or otherwise.

//

//

12. The PARTIES agree, and the Court hereby orders, that the Plaintiff may file a motion for attorneys' fees, costs, and litigation expenses at any time up to ninety (90) days following the entry of the Court's Order hereon.

## FULL CONSENT ORDER

13. This CONSENT DECREE, including Exhibit "A," which is incorporated by reference as fully set forth herein, constitutes the entire agreement between the signing PARTIES on all matters of injunctive relief, damages, and liability. No other statement, promise, or agreement, whether oral or written, made by the PARTIES not contained in this CONSENT DECREE shall be enforceable regarding matters of injunctive relief and liability.

## DURATION OF CONSENT DECREE

14. This CONSENT DECREE shall be in full force and effect for a period of twelve (12) months after the date of entry of this CONSENT DECREE or until the injunctive relief contemplated by this CONSENT DECREE is completed, whichever occurs later. The Court shall retain jurisdiction of this action to enforce this CONSENT DECREE for twelve (12) months after the date of this CONSENT DECREE, or until the relief contemplated by this CONSENT DECREE is completed, whichever occurs later. The Stipulation as to Liability set forth in Paragraph 6 of this pleading shall survive the termination of the Court's jurisdiction hereunder.

## SEVERABILITY

15. If any term of this CONSENT DECREE is determined by the Court to be unenforceable, all other terms contained herein shall remain nonetheless in full force and effect.

//
//
//

CONSENT DECREE

Page 5

## SIGNATORIES BINDING PARTIES

16. Signatories on behalf of the PARTIES represent that they are authorized to bind the PARTIES to this CONSENT DECREE. This CONSENT DECREE may be signed in counterparts and a facsimile or e-mail signature shall have the same force and effects as an original signature.

## AGREEMENT BINDING ON SUCCESSORS

17. The PARTIES agree that the terms of this CONSENT DECREE shall bind them as well as their heirs, assigns, and successors in interest.

## FINAL JUDGMENT

18. Upon approval and entry of this CONSENT DECREE by the Court, this CONSENT DECREE shall constitute a final judgment of the Court in favor of PLAINTIFF under Fed. R. Civ. P. 54 and 58.

Entered this 10th day of   April   , 2017.

/s/ Lawrence J. O'Neill
UNITED STATES DISTRICT JUDGE

APPROVED AND CONSENTED TO BY THE PARTIES:

DATED: April 4, 2017          */s/ Michael L. Elder*
MICHAEL L. ELDER, ESQ.
Attorney for Defendants,
Gary Christian; Bonnie M. Christian; and
Amanda Florez dba Public Auction R Us

DATED: April 4, 2017          MISSION LAW FIRM, A.P.C.

*/s/ Zachary M. Best*
ZACHARY M. BEST
Attorneys for Plaintiff,
Hendrik Block