# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENDRIK BLOCK, <br><br> Plaintiff, <br><br> v. <br><br> GARY CHRISTIAN; BONNIE M. CHRISTIAN; AMANDA FLOREZ dba PUBLIC AUCTION R US, <br><br> Defendants. | Case No. 1:16-cv-00650-LJO-SKO <br><br> **FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S MOTION FOR AN AWARD OF ATTORNEY'S FEES, COSTS, AND LITIGATION EXPENSES BE GRANTED IN PART AND DENIED IN PART** <br><br> (Doc. 51) <br><br> **OBJECTIONS DUE: 21 DAYS** |

## I. INTRODUCTION

Before the Court is an unopposed motion for attorney's fees and costs, filed on July 7, 2017, by Plaintiff Hendrik Block ("Plaintiff") against Defendant Gary Christian, Defendant Bonnie M. Christian, and Defendant Amanda Florez dba Public Auction R Us (collectively, "Defendants"). (Doc. 51.) The Court has reviewed Plaintiff's submissions and determined, pursuant to Local Rule 230(g), that the matter was suitable for decision without oral argument. The Court accordingly vacated the motion hearing. (Doc. 52.)

For the reasons set forth below, the Court RECOMMENDS that Plaintiff's motion for attorney's fees and costs be GRANTED IN PART AND DENIED IN PART.

## II. FACTUAL BACKGROUND

Plaintiff's second amended complaint presents claims of disability-access discrimination in violation of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*; California's parallel Unruh Act, California Civil Code § 51 *et seq.*; and the California Health and Safety Code § 19953. (Doc. 40 (the "Complaint") ¶¶ 16-46.) The Complaint seeks an award of statutory damages pursuant to Cal. Civ. Code § 52(a), prejudgment interest on the damages, costs of suit, attorney's fees, injunctive relief, and declaratory relief. (Compl. 11:2-8.) Plaintiff alleges that he requires the use of a wheelchair or electric scooter for mobility (Compl. ¶ 8), and the property that is the subject of this suit, Public Auction R Us (the "Property"), presents numerous barriers inside and outside the facility that interfered with his ability to use and enjoy the goods, services, privileges, and accommodations offered at the facility. (Compl. ¶¶ 7-8, 10.)

The parties entered into a consent decree on April 10, 2016, resolving Plaintiff's claims. (Doc. 50 (the "Consent Decree").) The Consent Decree, in which Defendants Gary Christian, Bonnie M. Christian, and Amanda Florez dba Public Auction R Us (collectively "Defendants") acknowledge that Plaintiff is the prevailing party, orders Defendants to pay $4,000 in statutory damages, and to remediate the barriers identified by Plaintiff's Certified Access Specialist ("CASp"). (Doc. 50 ¶¶ 6-10.)

On July 7, 2017, Plaintiff filed a motion for an award for attorney's fees and costs, which is currently pending before the Court. (Doc. 51.)

## III. DISCUSSION

### A. Legal Standard

Pursuant to 42 U.S.C. § 12205, a party that prevails on claims brought under the ADA may recover reasonable attorney's fees and costs, in the Court's discretion.[1] *See also* 28 C.F.R. § 35.175; *Lovell v. Chandler*, 303 F.3d 1039, 1058 (9th Cir. 2002). California Civil Code § 55 also provides for attorney's fees and costs for obtaining injunctive relief.

---

[1] The Court notes that Plaintiff is the prevailing party: the Consent Decree plainly states Plaintiff is the prevailing party and it awards Plaintiff the statutory damages and injunctive relief he sought in the Complaint. (Doc. 50 ¶¶ 6-10); *see Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health and Human Res.*, 532 U.S. 598, 605 (2001) (citations omitted) (noting that "prevailing part[ies]" include those parties who "received a judgment on the merits or obtained a court-ordered consent decree").

Attorney's fee awards are calculated using the lodestar method whereby the hours reasonably spent in the litigation are multiplied by a reasonable hourly rate. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013); *see also Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008); *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The Ninth Circuit has explained the lodestar approach as follows:

> The lodestar/multiplier approach has two parts. First a court determines the "lodestar" amount by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. [*See D'Emanuele v. Montgomery Ward & Co., Inc.*, 904 F.2d 1379, 1383 (9th Cir. 1990); *Hensley*, 461 U.S. at 461 (1983)]. The party seeking an award of fees must submit evidence supporting the hours worked and the rates claimed. *See Hensley*, 461 U.S. at 433.
>
> A district court should exclude from the lodestar amount hours that are not reasonably expended because they are "excessive, redundant, or otherwise unnecessary." *Id.* at 434. Second, a court may adjust the lodestar upward or downward using a "multiplier" based on factors not subsumed in the initial calculation of the lodestar. [Footnote omitted] *See Blum v. Stenson*, 465 U.S. 886, 898-901 (1984) (reversing upward multiplier based on factors subsumed in the lodestar determination); *Hensley*, 461 U.S. at 434 n.9 (noting that courts may look at "results obtained" and other factors but should consider that many of these factors are subsumed in the lodestar calculation). The lodestar amount is presumptively the reasonable fee amount, and thus a multiplier may be used to adjust the lodestar amount upward or downward only in "'rare' and 'exceptional' cases, supported by both 'specific evidence' on the record and detailed findings by the lower courts" that the lodestar amount is unreasonably low or unreasonably high. *See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986) (quoting *Blum*, 465 U.S. at 898-901); *Blum*, 465 U.S. at 897; *D'Emanuele*, 904 F.2d at 1384, 1386; *Cunningham v. County of Los Angeles*, 879 F.2d 481, 487 (9th Cir. 1989).

*Van Gerwin v. Guarantee Mut. Life Co.*, 214 F.3d 1041,1045 (9th Cir. 2000).

The reasonable hourly rates are to be calculated according to the prevailing market rates in the relevant legal community for similar services by lawyers of reasonably comparable skill, experience, and reputation. *Blum*, 465 U.S. at 895; *see also Shirrod v. Office Workers' Comp. Programs*, 809 F.3d 1082, 1086 (9th Cir. 2015); *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011). The relevant legal community is the forum where the district court sits. *Shirrod*, 809 F.3d at 1086. The fee applicant bears the burden of showing that the requested rates are "in line with those prevailing in the community." *Hiken v. Dep't of Def.*, 836 F.3d 1037, 1044 (9th Cir. 2016)

(quoting *Camacho*, 523 F.3d at 980); *see also United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990) ("Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate.")

In *Trujillo v. Singh*, a similar ADA case, the Court recently formulated a method for reasonably determining the prevailing rates in Fresno.[2] No. 1:16-cv-01640-LJO-EPG, 2017 WL 1831941, at *2-3 (E.D. Cal. May 8, 2017). The Court considered the prevailing rates compiled in the so-called Laffey Matrix,[3] which provides hourly rates for attorneys in the Washington, D.C. and Baltimore areas, and employed a method for adjusting those rates to the Fresno market.[4]

**B.  Analysis**

Plaintiff seeks an award of $40,930 for total billable time spent on the case as well as $5,673.94 for costs and litigation expenses. (Doc. 51-1, 20:14-21:7.) Specifically, Plaintiff requests (1) $29,855.00 for 85.3 hours of work expended by Zachary M. Best, Esq., at an hourly rate of $350; (2) $6,660.00 for 31.4 hours of work expended by Tanya E. Moore, Esq,, at an hourly rate of $300; (3) $2,978.50 for 25.9 hours of work expended by paralegal Whitney Law at an hourly rate of $115.00; (4) $724.50 for 6.3 hours of work expended by paralegal Marejka Sacks at an hourly rate of $115.00; and (5) $712.50 for 7.5 hours of work expended by paralegal David

---

[2] The Court was specifically attempting to resolve an inconsistency in prior rate determinations in this district for Ms. Moore, incidentally one of Plaintiff's attorneys in the present action. *Singh*, 2017 WL 1831941, at *1. The Court ultimately determined that the hourly rate of $300 requested for Ms. Moore was reasonable because it fell within the adjusted prevailing hourly rate for Fresno attorneys with similar ADA experience. *Id*. at *3.

[3] The Laffey Matrix is a widely recognized compilation of attorney and paralegal rate data used in fee shifting cases, which is regularly prepared and updated by the Civil Division of the United States Attorney's Office for the District of Columbia. *See* https://www.justice.gov/usao-dc/file/889176/download (last visited Oct. 31, 2017). The Laffey Matrix provides, among other things, prevailing hourly rates for attorneys in the Washington, D.C. and Baltimore areas categorized by the attorney's years of experience. Courts in this district generally have found the Laffey Matrix to be unhelpful because of its specific application to the Washington, D.C. and Baltimore markets, and not the Fresno market. *See*, *e.g.*, *Fitzgerald v. Law office of Curtis O. Barnes*, No. 1:12-cv-00071-LJO-GSA, 2013 WL 1627740, at *3 (E.D. Cal. Apr. 15, 2013) *findings and recommendations adopted*, 2013 WL 1896273 (E.D. Cal. May 6, 2013) (finding Laffey Matrix inapposite for determining Fresno rates).

[4] Using the Bureau of Labor statistics, the Court compared the mean wage estimate for attorneys in the Washington, D.C. and Baltimore areas (without regard for years of experience) to the mean wage estimate for attorneys in Fresno to arrive at the difference in estimated attorneys wages estimates between those markets. *See Singh*, 2017 WL 1831941, at *2-3; *see also* https://bls.gov/oes/current/oessrcma.htm (last visited Oct. 31, 2017). The Court determined that the mean wage estimate for attorneys in the Fresno market was 30.11% lower than the mean wage estimate for attorneys in the Washington D.C. and Baltimore market.

Guthrie at an hourly rate of $95.00.  (Doc. 51-1, 20:18-21:2.)

### 1. Mr. Best's Time Expended and Hourly Rate

With regard to the hourly rate to be charged for Plaintiff's lead counsel, Mr. Best, Plaintiff requests $350.  (Doc. 51-1, 13:21-22.)  Plaintiff asserts that Mr. Best has 24 years' experience, of which twelve has been spent specializing in ADA litigation, and he "recently began representing plaintiffs in ADA matters."  (Doc. 51-2, ¶¶ 2-5.)  As Mr. Best's declaration states, he "has successfully briefed and argued many cases before the California Court of Appeals."  (Doc. 51-2, ¶ 4.)  He usually bills at $495 per hour, but has reduced his hourly rate in this case to $350.  (Doc. 51-2, ¶ 11.)

Mr. Best asserts that an hourly rate of $350 is reasonable for an attorney with his experience, and relies heavily on the Court's decision in *Singh*, as set forth in Section III.A, *supra*.  However, such reliance on *Singh* is inapposite, because the underlying Laffey Matrix fails to take into account that only half of Mr. Best's experience is in ADA cases and he only recently began representing plaintiffs in ADA cases.  *See generally Blum*, 465 U.S. at 895 (stating that the hourly rates are to be calculated according to prevailing market rates in the relevant legal community *for similar services* by lawyers of reasonably comparable skill, *experience*, and reputation).  In other words, according to the Laffey Matrix, even under the *Singh* formulation, Mr. Best's 24 years of general legal experience would entitle him to an hourly rate of $379.50, despite the fact that only half of that experience is in ADA cases.[5]  The Court finds such a result to be unreasonable.

The Court finds it more reasonable to consider only Mr. Best's twelve years of ADA-specific experience, which would entitle Mr. Best to an hourly rate of $325.  *See* https://www.justice.gov/usao-dc/file/889176/download (last visited Oct. 31, 2017) (listing the prevailing hourly rate for an attorney with 11-15 years' experience in 2017 at $465 per hour[6]); *see also Singh*, 2017 WL 1831941, at *3 (stating that the hourly rate for an attorney with 11-15 years' experience, adjusted to the Fresno market, was $317).  The rate determinations in prior cases

---

[5] Under the Laffey Matrix, the hourly rate for an attorney with 24 years' practice experience is $543.  *See* https://www.justice.gov/usao-dc/file/889176/download (last visited Oct. 31, 2017).  Reducing that rate by 30.11% to adjust it to the Fresno market, would set Mr. Best's hourly rate at $379.50.

[6] Adjusting this rate to Fresno, which entails reducing the Laffey Matrix rate by 30.11%, would set the rate at $325 per hour.

setting Mr. Best's hourly rate—although decided prior to *Singh*—support such an hourly rate of $325. *See*, *e.g.*, *Trujillo v. Lakhani*, No. 1:17-cv-00056-LJO-SAB, 2017 WL 1831942, at *8 (E.D. Cal. May 8, 2017) (rejecting plaintiff's request of $350 per hour for Mr. Best, because "only half of Mr. Best's experience is in representing plaintiffs and defendants in ADA cases," and instead setting Mr. Best's rate at $300); *McCarty v. Humphrey*, No. 2:13-cv-00431-KJM-AC, 2016 WL 4899194, at *5 (E.D. Cal. Sept. 15, 2016) (setting Mr. Best's hourly rate at $285). The Court finds an hourly rate of $325 to be reasonable for an attorney in Fresno with Mr. Best's particular experience litigating ADA cases. *See*, *e.g.*, *Johnson v. Allied Trailer Supply*, No. Civ. 2:13-1544-WBS, 2014 WL 1334006, at *6 (E.D. Cal. Apr. 3, 2014) (finding $300 to be a reasonable hourly rate for partners with twenty years' general civil rights experience); *Lehr v. City of Sacramento*, No. 2:07-cv-01565-MCE-GGH, 2013 WL 1326546, at *8 (E.D. Cal. Apr. 2, 2013) (awarding $400 hourly rate to attorney with "over 40 years of relevant litigation experience" and finding $230 to $260 to be reasonable hourly rates for a lawyer with between seven and ten years' civil rights experience).

Regarding the number of hours expended by Mr. Best, the Court finds that the amounts claimed by Plaintiff for certain tasks are reasonable; however, some of the time expended is unreasonable, duplicative, or inadequately documented and should be reduced. *See Gonzalez*, 729 F.3d at 1202 ("The prevailing party has the burden of submitting billing records to establish that the number of hours it has requested are reasonable."); *see also Moore v. Chase*, No. 1:14-cv-01178-SKO, 2016 WL 3648949, at *4 (E.D. Cal. July 7, 2016) (citing *Chalmers v. City of L.A.*, 796 F.2d 1205, 1210 (9th Cir. 1986).

Numerous entries throughout the billing statement reflect time spent reviewing communications to and from the Court:

| **Date**   | **Activity**   | **Time Spent**     |
|------------|----------------|--------------------|
| 10/25/2016 | Reviewed Order | 0.10 (6 minutes)   |
| 11/23/2016 | Reviewed Order | 0.10 (6 minutes)   |
| 11/28/2016 | Reviewed Order | 0.10 (6 minutes)   |

6

| | | |
|---|---|---|
| 11/29/2016 | Reviewed Order | 0.10 (6 minutes) |
| 12/16/2016 | Reviewed Order | 0.10 (6 minutes) |
| 12/21/2016 | Reviewed Defendant's Waiver | 0.10 (6 minutes) |
| 12/22/2016 | Reviewed Order | 0.10 (6 minutes) |
| 01/12/2017 | Reviewed notice | 0.10 (6 minutes) |
| 02/07/2017 | Reviewed Order | 0.10 (6 minutes) |
| 02/23/2017 | Reviewed Order | 0.10 (6 minutes) |

(Doc. 51-3, Exhibit A, pp.1-7.)  **Total: 1.0 hour (60 min.)**

When considering the time entries in total, the amount of time spent essentially reviewing the docket is unreasonable, particularly given the substance of the communications and docket entries.

On the above dates from October 25, 2016, through December 16, 2016, Mr. Best recorded 0.5 hours (30 minutes) reviewing entries on the Court's Electronic Case Filing ("ECF") system consisting of continuances of and time-changes to the Mandatory Scheduling Conference. (*See* Docs. 22, 25- 27, 31.) On January 12, 2017, Mr. Best recorded 0.10 hours (6 minutes) reviewing the Notice of a Change of Address for Plaintiff's counsel (*see* Doc. 36); on February 7, 2017, Mr. Best recorded 0.10 hours (6 minutes) reviewing the Order Granting Leave to Amend filed by his office (*see* Doc. 39); and on February 23, 2017, Mr. Best recorded 0.10 hours (6 minutes) reviewing a one-paragraph Order Overruling Plaintiff's Objections to the Scheduling Order (*see* Doc. 47).

Reviewing the above-referenced documents should not have taken an hour—given the nature of the documents. While reviewing automatic emails showing the occurrence of docket activity and reviewing short Court orders does take some time, billing judgment must be exercised in the accumulation of billing entries of this type. Based on the activities recorded in reviewing routine, simple documents, the Court finds that only 0.50 hours (30 minutes) of the time billed on the above-listed activities is reasonable; thus, a reduction of 0.50 hours is warranted. *See Hensley*,

461 U.S. at 433-34 (hours requested may be reduced where expenditure of time deemed excessive, duplicative, or otherwise unnecessary); *see also*, *e.g.*, *Trujillo v. Ali*, No. 1:16-cv-00694-LJO-SKO, 2016 WL 6902313, at *6 (E.D. Cal. Nov. 23, 2016) (reducing the time billed for similar activities reviewing short Court orders to 0.50 hours).

Further, the Court finds the amount of time spent preparing for scheduling conferences to be unreasonable, especially given the number of times Mr. Best has appeared for scheduling conferences in similar ADA cases.[7] The entries in Mr. Best's billing statement that reflect time spent on the scheduling conferences are listed as follows:

| **Date** | **Activity** | **Time Spent** |
| --- | --- | --- |
| 10/25/2016 | Prepare for Scheduling Conference | 0.40 (24 minutes) |
| 11/29/2016 | Prepare for Scheduling Conference | 0.30 (18 minutes) |
| 12/15/2016 | Prepare for Scheduling Conference | 0.40 (24 minutes) |
| 12/15/2016 | Discuss Scheduling Conference w/ TM | 0.20 (12 minutes) |
| 12/16/2016 | Confer re Consent re Settlement Judge | 0.30 (24 minutes) |
| 09/08/2016 | Confer re Scheduling Order | 0.50 (30 minutes) |

(Doc. 51-3, Exhibit A, pp. 1, 3-4, 6.)     **Total:**     **2.10 hours (126 min.)**

Mr. Best has 24 years of litigation experience and 12 years of ADA experience, and could have adequately prepared for the scheduling conferences in an hour. The Court will therefore deduct 1.10 hours from the time Mr. Best billed preparing for the scheduling conferences.

Finally, the Court finds that the number of hours billed for drafting the present motion to be excessive. Between May 31, 2017, and July 5, 2017, Mr. Best spent 33.8 hours preparing the present motion. (*See* Doc. 51-3, Exhibit A, pp.11-13.) Of that time, Mr. Best spent just under 20 hours writing the motion, and just under 14 hours editing it. (Doc. 51-3, Exhibit A, pp.11-13.) Based upon the Court's familiarity with the actions filed by Mr. Best's firm in this Court, the

---

[7] The 12/16/2016 entry of 24 minutes appears to relate to a conference to determine whether Mr. Best's client wishes to have the assigned magistrate judge handle the settlement conference. This conference should have taken less than 24 minutes.

8

1 Court is aware that the present motion is substantially similar to other fees motions filed in this
2 court. According to Mr. Best's own declaration, he has handled hundreds of ADA cases over the
3 last twelve years. (Doc. 51-2, ¶ 5.) Moreover, "[a] fee motion . . . is less complex and novel than
4 most civil rights cases . . ." *Orr v. Cal. Highway Patrol*, Civ No. 2:14-585 WBS EFB, 2015 WL
5 9305021, at *13-14 (E.D. Cal. Dec. 22, 2015). Although the present motion incorporates the new
6 formula used in *Singh*, it does not justify the number of hours billed for a fees motion by someone
7 as experienced in ADA cases as Mr. Best. *See Hensley*, 461 U.S. at 433-34 (hours requested may
8 be reduced where expenditure of time deemed excessive, duplicative, or otherwise unnecessary.

9 The Court finds that 5 hours is a reasonable amount of time for counsel to have spent
10 drafting, editing, and finalizing the instant motion and accompanying declarations, and will
11 therefore deduct 28.8 hours from the time billed for the present motion. *See*, *e.g.*, *Kalani v.
12 Starbucks Corp.*, No. 13-cv-00734-LHK, 2016 WL 379623, at *9 (N.D. Cal. Feb. 1, 2016)
13 (reducing the hours billed for an attorney's fees motion in an ADA case from approximately 12
14 hours to 4 hours); *Hernandez v. Yen*, No. 5:13-cv-01830-RMW, 2015 WL 5185669, at *5 (N.D.
15 Cal. Sept. 4, 2015) (finding 10.8 hours spent on a motion for attorney's fees in an ADA case to be
16 unreasonable, and reducing the hours to 5); *Orr*, 2015 WL 9305021, at *13-14 (deducting 50
17 hours from time spent on a fees motion by attorney who had prepared over 140 fee applications,
18 and thereby reducing hours billed from 74.8 to 25.8); *cf. Ali*, 2016 WL 6902313, at *5 (finding
19 one hour of time for a routine default motion to be reasonable, thereby deducting 2.6 hours from
20 the time billed for the motion); *Yen*, 2015 WL 5185669, at *4 (finding 8 hours spent on a
21 summary judgment motion in an ADA case to be reasonable)

22 Accordingly, the Court recommends that Plaintiff be awarded the sum of $17,842.50 for
23 work performed by Mr. Best.[8]

24 **2. Ms. Moore's Time Expended and Hourly Rate**

25 Plaintiff seeks compensation for 31.4 hours expended by Ms. Moore at $300 per hour.

---

[8] This amount consists of the amount of time billed by Mr. Best (85.30 hours) minus the Court-recommended reduction in time spent reviewing the docket (0.5), in time spent preparing for the scheduling conferences (1.10), and in time spent on the present motion (28.80), for an adjusted time of 54.90 hours multiplied by Mr. Best's reduced hourly rate of $325 per hour.

9

(Doc. 51-1, 20:20-24.) The Court finds that $300 is within the prevailing hourly rates for attorneys in the Fresno market with Ms. Moore's particular experience and expertise, and Ms. Moore's rate will therefore be set at such in this case. (*See* Section III.A.1, n.2, *supra*.)

The Court finds, however, that some of the time spent on this case by Ms. Moore was unreasonable, given Ms. Moore's experience in these types of actions. (*See* Doc. 51-4, ¶¶ 2-3.) On April 30, 2016, Ms. Moore recorded 1.50 hours (90 minutes) reviewing client communications, reviewing research compiled by paralegal Whitney Law, and drafting, editing, and finalizing the complaint. (Doc. 51-5, Exhibit A, p.1.) On August 2, 2016, Ms. Moore recorded 0.40 hours (24 minutes) reviewing the amended complaint. (Doc. 51-5, Exhibit A, p.2.) The Court is aware, from prior familiarity with Ms. Moore's firm, that this is basically a form complaint. The complaint filed in this action is nearly identical to complaints filed by Ms. Moore in dozens of other actions in this Court.

Additionally, the Court notes that on April 29, 2016 and May 3, 2016, paralegal Whitney Law also billed a total of one hour drafting and revising the complaint. (Doc. 51-9, Exhibit A, p.1.) The Court finds that 0.5 (30 minutes) hours of Ms. Moore's time is sufficient to draft the complaint, given the additional time spent by Ms. Law, and will therefore deduct 1.40 hours from Ms. Moore's time. *See*, *e.g.*, *Moore v. Watkins*, No. 1:15-cv-00115 JAM-GSA, 2015 WL 5923404, at *5 (E.D. Cal. Oct. 8, 2015); *Moore v. E-Z-N-Quick*, No. 1:13-cv-01522-LJO-SAB, 2014 WL 1665034, at *6 (E.D. Cal. Apr. 24, 2014) (finding "that .5 hours of Ms. Moore's time [was] sufficient to draft the complaint," and not permitting any additional time billed for drafting and review by paralegals). Similarly, the Court will deduct one hour from the two hours Ms. Moore spent reviewing Defendants' routine answer on August 3, 2016, August 8, 2016, and March 2, 2017. (Doc. 51-5, Exhibit A, pp. 2-3, 7.)

For substantially the same reasons set forth above, the Court finds that the time spent by Ms. Moore essentially reviewing the docket is unreasonable, given the substance of the communications and docket entries. (*See* Section III.B.1, *supra*.) The entries in Ms. Moore's billing statement that reflect time spent reviewing the docket are listed as follows:

| Date | Activity | Time Spent |
|---|---|---|
| 10/12/2016 | Reviewed Order | 0.10 (6 minutes) |
| 12/16/2016 | Reviewed Order | 0.10 (6 minutes) |
| 12/16/2016 | Reviewed Order | 0.10 (6 minutes) |
| 01/12/2017 | Reviewed notice | 0.10 (6 minutes) |
| 01/12/2017 | Reviewed notice | 0.10 (6 minutes) |
| 02/06/2017 | Reviewed Order | 0.10 (6 minutes) |
| 02/07/2017 | Reviewed Order | 0.10 (6 minutes) |
| 02/08/2017 | Reviewed notice | 0.10 (6 minutes) |
| 02/09/2017 | Reviewed notice | 0.10 (6 minutes) |
| 02/14/2017 | Reviewed minutes | 0.10 (6 minutes) |
| 02/15/2017 | Reviewed Order | 0.10 (6 minutes) |
| 02/22/2017 | Reviewed Order | 0.10 (6 minutes) |

(Doc. 51-5, Exhibit A, pp. 4-7.) **Total: 1.20 hours (80 min.)**

Reviewing the above-referenced documents should have taken only a few minutes—given the nature of the documents. As stated above, while reviewing automatic emails showing the occurrence of docket activity and reviewing short Court orders does take some time, billing judgment must be exercised in the accumulation of billing entries of this type. (*See* Section III.B.1, *supra*.) Accordingly, the Court finds that only 0.50 hours (30 minutes) of the time billed on the above-listed activities is reasonable; thus, a reduction of 0.70 (50 minutes) hours is warranted. *See Hensley*, 461 U.S. at 433-34 (hours requested may be reduced where expenditure of time deemed excessive, duplicative, or otherwise unnecessary); *see also*, *e.g.*, *Trujillo v. Ali*, No. 1:16-cv-00694-LJO-SKO, 2016 WL 6902313, at *6 (E.D. Cal. Nov. 23, 2016) (reducing the time billed for similar activities reviewing short Court orders to 0.50 hours). It also appears that Ms. Moore double-billed the time she spent reviewing the Court's Order on December 16, 2017, and that she duplicated Mr. Best's review of the Court's Orders on December 16, February 7, and

February 22. The Court will thus further deduct 0.20 (12 minutes) hours from the time billed for Ms. Moore.

Finally, while the Court recognizes that Defendants' counsel failed to show for the initial site inspection, the Court nevertheless finds the time billed by Ms. Moore for work related to the site inspections to be unreasonable. (*See* Doc. 51-4, Exhibit A, p. 3.) The entries in Ms. Moore's billing statement that reflect time spent on the site inspections are listed as follows:

| **Date**   | **Activity**              | **Time Spent**       |
|------------|---------------------------|----------------------|
| 07/11/2016 | Prepare for Inspection    | 0.40 (24 minutes)    |
| 08/03/2016 | Prepare for Inspection    | 0.40 (24 minutes)    |
| 09/08/2016 | Travel for Inspection     | 3.00 (180 minutes)   |
| 09/08/2016 | Waiting for Inspection    | 0.50 (30 minutes)    |
| 09/08/2016 | Travel for Inspection     | 3.00 (180 minutes)   |
| 09/08/2016 | Correspond about Inspection | 0.40 (24 minutes)  |
| 10/19/2016 | Prepare for Inspection    | 1.00 (60 minutes)    |
| 10/23/2016 | Reviewed Memo re Inspection | 0.10 (6 minutes)   |

(Doc. 51-4, Exhibit A, pp. 2-4.) **Total: 8.80 hours (528 min.)**

Considering the above time entries in total, almost nine hours spent on the inspection is excessive. *See*, *e.g.*, *Kalani v. Statewide Petroleum, Inc.*, No. 2:13-cv-02287-KLM-AC, 2014 WL 4230920, at *5 (E.D. Cal. Aug. 25, 2014) (finding one hour of total time billed to be reasonable for a site inspection). Ms. Moore spent 2.3 hours on preparation for and correspondence about the inspection, alone, when such routine work should have taken a fraction of that time for an attorney as experienced in these types of cases as Ms. Moore. Ms. Moore also spent an excessive amount of time preparing Mr. Best for the second inspection. Given his experience in handling ADA cases, Mr. Best could have simply prepared himself, or Ms. Moore could have arranged to attend the second inspection herself. The Court will therefore apply an across-the-board deduction of 30% to the time Ms. Moore spent on the inspection, deducting 2.6 hours from Ms. Moore's time

billed. *See*, *e.g.*, *Welch v. Metro Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007).

The Court therefore recommends that Plaintiff be awarded the sum of $7,650 for work performed by Ms. Moore.[9]

### 3. Paralegal Rate and Time Expended

Plaintiff seeks compensation for 25.9 hours expended by paralegal Whitney Law at $115 per hour, 6.3 hours expended by paralegal Marejka Sacks at $115 per hour, and 7.5 hours expended by paralegal David Guthrie at $95 per hour. (S*ee* Docs. 51-1, 20:18-21:2; 51-7; 51-9; 51-11.) The Court previously found, in *Singh*, that the requested rates of $115 per hour for paralegal Whitney Law and $95 per hour for paralegal David Guthrie are within the adjusted prevailing rates in the Laffey Matrix. 2017 WL 1831941, at *3. The Court will therefore apply those hourly rates, respectively, for the time expended by paralegals Whitney Law and David Guthrie. The Court finds that, like paralegal Whitney Law, an hourly rate of $115 for paralegal Marejka Sacks is reasonable, given her 11 years' of experience—which is three years more experience than Ms. Law. *See*, *Id*. (finding paralegal rates of $95-$115 to be the prevailing rates in Fresno); *see*, *e.g.*, *Moore v. Millenium Acquisitions, LLC*; *Moore v. Watkins*, No. 1:15-cv-00115 JAM-GSA, 2015 WL 5923404, at *5 (E.D. Cal. Oct. 8, 2015); *Gutierrez v. Leng*, No. 1:14-cv-01027-WBS-SKO, 2015 WL 1498813, at *7 (E.D. Cal. Mar. 31, 2015); *E–Z–N Quick*, 2014 WL 1665034, at *6; *but cf. Kalani*, 2014 WL 4230920, at *6 (finding that a $75 hourly rate was appropriate for work performed by paralegals Sacks and Law).

Regarding the number of hours expended by Ms. Sacks, the Court finds that the amounts claimed by Plaintiff for her work are reasonable, thus entitling Plaintiff to an award of $724.50 for Ms. Sack's work.[10] (*See* Doc. 51-7, Exhibit A.) The Court further finds that the amounts claimed by Plaintiff for certain tasks performed by Ms. Law and Mr. Guthrie are reasonable; however, some of the time expended is unreasonable, duplicative, or inadequately documented and should

---

[9] This amount consists of the amount of time billed by Ms. Moore (31.40 hours) minus the Court-recommended reduction in time spent reviewing the docket (0.70 and 0.20 hours), in time spent on the complaint (1.40 hours), in time spent reviewing the answer (1.0 hours), and in time spent on the site inspection (2.60 hours) for an adjusted time of 25.5 hours multiplied by Ms. Moore's hourly rate of $300 per hour.

[10] This amount consists of the amount of time billed by Ms. Sacks (6.30 hours) multiplied by Ms. Sacks' hourly rate of $115.

13

be reduced, as discussed above.

Ms. Law spent 0.60 (36 minutes) hours on purely clerical and administrative tasks, 0.40 (24 minutes) hours conferring with Ms. Moore on a task already billed at Ms. Moore's rate, and .70 (42 minutes) hours forwarding and reviewing emails and making phone calls that went unanswered. (Doc. 51-9, Exhibit A, pp. 1-4, 6.) *See also Missouri v. Jenkins by Agyei*, 491 U.S. 274, 288 n.10 (1989) (purely clerical tasks will not be compensated); *Chalmers*, 796 F.2d at 1210 (duplicative, overstaffed, or otherwise unnecessary hours may be reduced from attorney's fees award). The Court will therefore reduce Ms. Law's time by 1.50 (90 minutes) hours. *See*, *e.g.*, *Chase*, 2016 WL 3648949, at *7. The Court will further reduce Ms. Law's time by 1.20 (72 minutes) hours for the excessive amount of time—1.70 hours—billed for her work on a routine joint scheduling report. (*See* Doc. 51-9, Exhibit A, pp. 2-3.) *See also E-Z-N-Quick*, 2014 WL 1665034, at *6. Plaintiff will therefore be compensated for 23.20 hours of time expended by paralegal Whitney Law.

Paralegal David Guthrie spent 2.40 hours on purely clerical and administrative tasks, and 0.80 (48 minutes) hours on tasks already billed at Plaintiff's attorneys' rates. (Doc. 51-11, Exhibit A.) *See also Missouri*, 491 U.S. at 288 n.10 (purely clerical tasks will not be compensated); *Chalmers*, 796 F.2d at 1210 (duplicative, overstaffed, or otherwise unnecessary hours may be reduced from attorney's fees award). The Court will accordingly reduce Mr. Guthrie's time by 3.20 hours. Additionally, the Court will deduct 0.20 (12 minutes) hours from the 0.40 (24 minutes) hours, which Mr. Guthrie "block billed."[11] (*See* Doc. 51-11, Exhibit A, p. 1.) *See*, *e.g.*, *Welch v. Metro Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007). Plaintiff will therefore be compensated for 4.10 hours of time expended by paralegal David Guthrie.

Accordingly, the Court recommends Plaintiff be awarded a total of $3,782 for paralegal time expended on this case.[12]

---

[11] Block billing refers generally to the practice of lumping multiple tasks together in a single time entry, thus preventing the Court effectively determining whether the time spent on tasks was reasonable. *See Welch*, 480 F.3d at 948.

[12] This amount consists of the amount of time billed by Ms. Law (25.90 hours) minus the Court-recommended reduction (2.70 hours) for an adjusted time of 23.20 hours multiplied by Ms. Law's rate of $115 per hour; the amount of time billed by Ms. Sacks (6.30 hours) multiplied by Ms. Sacks' rate of $115 per hour; and the amount of time billed

### 4. Litigation Expenses and Costs

Plaintiff seeks to recover costs in the amount of $5,673.94. (Doc. 51-1, 19:10-20:9; Doc. 51-3, Exhibits B-G.) In Section 12205 of the ADA, Congress authorized a district court, in its discretion, to allow the prevailing party other than the United States to recover a reasonable attorney's fee, including litigation expenses and costs. 42 U.S.C. § 12205. The statutory provisions of the ADA provide direct authority for the award of expert witness fees as litigation expenses under the ADA. *See Lovell*, 303 F.3d at 1058. The costs here include expenses for the court filing fee, costs of service, fees for two site inspections of the Property, which, under the circumstances, are compensable pursuant to 42 U.S.C. § 12205 and *Lovell*. 303 F.3d at 1058.

Plaintiff has presented invoices for the two site inspections totaling $2,700 (Doc. 51-2, ¶¶ 20-21; Doc. 51-3, Exhibits D, E.) Plaintiff's expert identified several major barriers to Plaintiff's full and equal access at the Property, as set forth in his Complaint. (*See* Doc. 50, ¶ 10.) Plaintiff offers a sufficient explanation for the reason for two site inspections—that Defendants failed to show for the first inspection, which Defendants do not dispute here. (*See* Doc. 51-1, 3:17-4:27.) And in the Consent Decree, Plaintiff obtained injunctive relief against Defendants for the his claims. (Doc. 50, ¶¶ 6-9.) *See Martinez v. Longs Drug Stores, Inc.*, No. CIVS031843-DFL-CMK, 2005 WL 3287233 at *6 (E.D. Cal. Nov. 28, 2005).

Plaintiff's overall litigation expenses and costs are compensable and should be awarded. Accordingly, it is recommended that Plaintiff be awarded the sum of $5,673.94 for litigation expenses and costs.

### C. Conclusion

For the reasons set forth above, the Court recommends Plaintiff be awarded the following fees:

| Professional | Hourly Rate | Hours | Total |
|---|---|---|---|
| Mr. Zachary Best | $325 | 54.90 | $17,842.50 |
| Ms. Tanya Moore | $300 | 25.5 | $7,650.00 |

---

by Mr. Guthrie (7.50 hours) minus the Court-recommended reduction (3.40 hours) for an adjusted time of 4.10 hours multiplied by Mr. Guthrie's rate of $95 per hour.

| Ms. Whitney Law | $115 | 23.2 | $2,668.00 |
| Ms. Marejka Sacks | $115 | 6.3 | $724.50 |
| Mr. David Guthrie | $95 | 4.1 | $389.50 |
| | | **Total Fees** | $29,274.00 |

Additionally, the Court recommends that Plaintiff be awarded $5,673.94 in litigation expenses and costs. Thus, the total award of fees and costs recommended is $34,947.94.[13]

### IV. RECOMMENDATIONS

Based on consideration of the declarations, pleadings, and exhibits to the present motion, the Court RECOMMENDS that Plaintiff be awarded attorney's fees in the amount of $25,492.50 (54.90.0 hours at $325 per hour and 25.5 hours at $300 per hour), paralegal fees in the amount of $3,782.00 (23.2 hours at $115 per hour, 6.3 hours at $115 per hour, and 4.1 hours at $95 per hour), and costs of suit in the amount of $5,673.94.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within twenty-one (21) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

---

[13] Although the present motion is silent as to the apportionment of liability between Defendants, the Court finds it appropriate to award fees and costs against all Defendants because defendants are generally jointly and severally liable for fees awarded under the ADA. *See Turner v. Dist. of Columbia Bd. of Elections & Ethics*, 354 F.3d 890 (D.C. Cir. 2004) (joint and several liability for attorney's fees awarded under 42 U.S.C. § 1988 for all non-fractionable claims against defendants); *Cal. Trout, Inc. v. Super. Ct.*, 218 Cal. App. 3d 187, 212 (1990) (awarding attorney's fees under Cal, Code of Civ. Proc., § 1021.5, noting that liability for the fees among defendants was joint and several); *Corder v. Gates*, 947 F.2d 374 (district court did not err in refusing to apportion attorney's fees among defendants in awarding fees under Section 1988).

Dated: **November 13, 2017**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE