# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENDRIK BLOCK,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>HAGOP VARTANIAN dba PUBLICAUCTION R US, et al.,<br><br>　　　　　Defendant. | Case No.  1:16-cv-00650-JLT-SKO<br><br>ORDER GRANTING MOTION TO MODIFY JUDGMENT<br><br>(Doc. 60) |

　　　　This matter resolved in 2017 by way of a Consent Decree between Hendrik Block and several Defendants, including Amanda Florez.  (Doc. 50.)  The Consent Decree, which was signed and approved by the previously assigned district judge, constituted a final judgment of the Court in favor of Plaintiff.  (*See id*.¶ 18.)  In December 2017, Plaintiff was awarded attorney's fees in the amount of $25,492.50, paralegal fees in the amount of $3,782.00, and costs of suit in the amount of $5,673.94, for a total of $34,948.44.  (Doc. 55.)  Thereafter, Plaintiff requested, and was issued, an abstract of judgment listing Amanda Florez as a judgment debtor.  (Doc. 57.)

　　　　Plaintiff has submitted publicly available, certified deed records that indicate judgment debtor Amanda Florez now uses the name Amanda A. Vartanian and has conveyed property to herself under the name Amanda A. Vartanian.  (Declaration of Tanya E. Moore, Doc. 60-3, ¶ 2 & Exh. A.)  Plaintiff requests that the court amend the judgment to reflect Florez's name change. (Doc. 60.)

1    The Court will construe this request as one under Federal Rule of Civil Procedure 69(a), which "empowers federal courts to rely on state law to add judgment-debtors" to money judgments. *In re Levander*, 180 F.3d 1114, 1120-21 (9th Cir. 1999).[1] Under Rule 69(a)(1), a federal district court sitting in California may apply California Code of Civil Procedure section 187 ("Section 187"), which permits "amend[ment of] a judgment to add additional judgment debtors." *In re Levander*, 180 F.3d at 1121 (*quoting Issa v. Alzammar*, 38 Cal. App. 4th Supp. 1, 4 (1995)). "Section 187 is premised on the notion that [an] amendment [adding a judgment debtor] 'is merely inserting the correct name of the real defendant,' such that adding a party to a judgment after the fact does not present due process concerns." *Katzir's Floor & Home Design, Inc. v. M-MLS.com*, 394 F.3d 1143, 1148 (9th Cir. 2004). Section 187 is most frequently utilized to add an individual or other corporate judgment debtor that is the alter ego of an original corporate judgment debtor, such as after a name change, merger dissolution, or other related change. *E.g., Greenspan v. LADT, LLC*, 191 Cal. App. 4th 486, 508 (2010). Yet, the statute is broadly framed to permit a court to "use all the means necessary" to effectuate its jurisdiction. Cal. Civ. Proc. Code § 187. Section 187 has therefore been interpreted to permit the modification of judgments to reflect situations in which the judgment debtor changes their own name, such as through marriage. *See* Arhart, Cal. Prac. Guide: Enf. J. & Debt (The Rutter Group 2021), Ch. 6G-14. The moving party bears the burden of proof by a preponderance of the evidence. *Highland Springs Conf. & Training Ctr. v. City of Banning*, 244 Cal. App. 4th 267, 280 (2016).

    The Court finds that Plaintiff has met his burden. The certified public records attached to the declaration of Plaintiff's counsel indicate that Amanda Florez transferred property to herself under a new name: Amanda A. Vartanian. (Doc. 60-3, Ex. A.) Accordingly, the Court GRANTS Plaintiff's motion to amend the judgment.

///

---

[1] Plaintiff frames the motion as one under Fed. R. Civ. P. 60(a), which permits a court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." (Doc. 60-1 at 2.) There is caselaw to support the use of Rule 60(a) to change the name in a judgment if at the time the original judgment was entered there was a typographical error or other similar "mistake" in the relevant documentation. *Icho v. Hammer*, 434 F. App'x 588, 589 (9th Cir. 2011). Here, however, Rule 60(a) is not relevant, as there is no indication that the judgment in this case was erroneous in any way at the time it was entered.

CONCLUSION AND ORDER

For the reasons set forth above:

(1) Plaintiff's motion to amend the judgment (Doc. 60) is GRANTED.

(2) The Clerk of Court may, upon submission of the appropriate forms, issue an abstract of judgment in favor of Plaintiff with the name Amanda A. Vartanian in place of Amanda Florez.

IT IS SO ORDERED.

Dated:  **May 2, 2022**

UNITED STATES DISTRICT JUDGE